# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| PENNI NICHOLS, § | |
| § | |
| § | Civil Action No. 4:21-CV-00509 |
| v. § | Judge Mazzant |
| § | |
| § | |
| CEC ELECTRICAL, INC. § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant CEC Electrical, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. #4). Having considered the motion, the Court finds it should be **DENIED.**

### BACKGROUND

On October 14, 2016, Plaintiff Penni Nichols ("Nichols") filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") (Dkt. #5 ¶ 1). At the time, Nichols' address was 2912 Dunbar Drive, McKinney, Texas 75070 (the "Dunbar Address") (Dkt. #5 ¶ 1).

Nichols periodically contacted the EEOC for updates on her case (Dkt. #5 ¶ 1). On January 3, 2018, Nichols called EEOC to change her address to 11526 Echo Lake Circle, Apt. 203, Bradenton, Florida 34211 (Dkt. #5 ¶ 3). On September 2, 2020, EEOC issued Nichols' Right to Sue Letter (the "Letter") (Dkt. #5 ¶ 2). However, EEOC attempted to send the Letter to Nichols' counsel at the Dunbar Address (Dkt. #5 ¶ 2). Additionally, EEOC used an old address to send the Letter to Nichols (Dkt. #5 ¶ 2). On March 24, 2021, Nichols contacted the EEOC to check the status of her case, which is when she discovered the EEOC's error (Dkt. #5 ¶ 2).

On April 9, 2021, Nichols received the Letter (Dkt. #5 ¶ 3). Upon receipt of the Letter, Nichol's counsel requested an EEOC investigation of the facts surrounding the issuance of the

Letter (Dkt. #5 ¶ 3).  The EEOC's investigation confirmed: (1) the EEOC knew Nichols was represented by counsel; (2) Nichols called and changed her address from 2912 Dunbar Drive, McKinney, Texas 75070 to 11526 Echo Lake Circle, Apt. 203, Bradenton, Florida 34211 on January 3, 2018; (3) the EEOC failed to document a pre-determination interview that occurred or may have occurred on June 16, 2020; and (4) the Letter was mailed to the wrong addresses (Dkt. #5 ¶ 3).

Nichols brought suit on July 2, 2021, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") (Dkt. #1).

On September 22, 2021, Defendant CEC Electrical, Inc. ("CEC") moved to dismiss Nichols' claims under Rule 12(b)(6) (Dkt. #4).  Nichols responded on October 6, 2021 (Dkt. #5).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Each claim must include enough factual allegations "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff.  *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).  The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  The Court must then determine

whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

### I. Limitations Period

Title VII provides that claimants have ninety days to file a civil action after receipt of a right-to-sue letter from the EEOC. *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir.

1982) (citing 42 U.S.C. § 2000e–5(f)(1) (1994)). Nichols filed her Complaint 285 days after the EEOC issued the Letter (Dkts. #1, 4).

CEC argues that, because Nichols failed to timely file her Complaint, her claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted (Dkt. #4 at p. 5). Nichols responds that her claim is not barred (Dkt. #5).

The 90-day period of limitation "begins to run on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant." *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir.1986). "[O]rdinarily the purposes of the Act will be served by commencement of the ninety-day period on the date that notice is received at the address supplied to the EEOC by the claimant." *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1249 (5th Cir. 1985). The Letter was not delivered to Nichols or her counsel until April 9, 2021 (Dkt. #5 ¶ 3), in which case suit would be timely brought. *Rinngold*, 796 F.2d at 770. Notice, however, was conceivably given on March 24, 2021, when EEOC informed Nichols of its issuance of the Letter (Dkt. #5 ¶ 2). *Espinoza*, 754 F.2d at 1249. If the 90-day period of limitation began to run on March 24, 2021, then Nichols' Complaint was untimely. 42 U.S.C. § 2000e–5(f).

However, the 90-day filing requirement is not a jurisdictional prerequisite, but more akin to a statute of limitations. *Espinoza*, 754 F.2d at 1248 n.1. Thus, the ninety-day filing requirement is subject to equitable tolling. *Harris v. Boyd Tunica, Inc.,* 628 F.3d 237, 239 (5th Cir. 2010). Nonetheless, equitable tolling is to be applied "sparingly." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). The plaintiff has the burden to provide justification for equitable tolling. *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995) (per curiam).

There are three nonexclusive situations when equitable tolling may be appropriate: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the

4

facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights." *Granger v. Aaron's Inc.,* 636 F.3d 708, 712 (5th Cir. 2011) (citing *Wilson,* 65 F.3d at 404 (5th Cir.1995)). In *Wilson*, the Supreme Court described situations these as "possible bases." 65 F.3d at 404. Thus, in *Granger*, the Fifth Circuit concluded the door was "open to recognize other ones." 636 F.3d at 712.

While this case does not appear to fall within any of the three delineated situations, except for possibly the third, tolling is not foreclosed. *Id.*; *see also Tillison v. Trinity Valley Elec. Co-op. Inc.*, 204 F. App'x 346, 348 (5th Cir. 2006) (citing *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir 2003)). "[T]he ninety-day period has been equitably tolled when the plaintiff notified the EEOC of his change of address, but the EEOC mailed the right-to-sue letter to an old address." *Bluitt v. Houston ISD*, 236 F. Supp. 2d 703, 717 (5th Cir. 2002) (citing *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384-85 (9th Cir.), *cert. denied*, 522 U.S. 858, (1997); *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 475 (6th Cir. 1986); *Espinoza*, 754 F.2d at 1249; *Beale v. Burlington Coat Factory*, 36 F. Supp. 2d 702, 704–05 (E.D. Va. 1999); *Smith v. Chase Manhattan Bank*, No. 97 CIV. 4507(LMM), 1998 WL 642930, at *4 (S.D.N.Y. Sept. 18, 1998)). Nichols notified the EEOC of her new address, but the EEOC mailed the Letter to the Dunbar address (Dkt. #5 ¶ 3). Thus, the Court finds equitable tolling is likely appropriate.

However, Nichols' Complaint contains no facts regarding her ongoing communications with EEOC regarding her case, when EEOC gave notice of the Letter, when the Letter was delivered to Nichols or her counsel, or any other information that would support tolling (Dkt. #1). The Court will afford Nichols the opportunity to replead to correct such deficiencies.

II.     **Exhaustion of Administrative Remedies**

Before a plaintiff may bring an employment discrimination claim, plaintiff must "exhaust her administrative remedies by filing a charge of discrimination with the EEOC." *Mack v. John L. Wortham & Son, L.P.*, 541 Fed. Appx. 348, 358 (5th Cir. 2013) (citing *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)).  The scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.  *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990).  CEC argues that Nichols has failed to plead exhaustion of her administrative remedies. (Dkt. #4 at p. 5).  CEC correctly notes that Nichols failed to include a copy of her Charge and the Letter as exhibits to her Complaint (Dkt. #4 at p. 2).  Further, on the face of the Complaint, Nichols merely asserts that "[a]ll conditions precedent have been performed or have occurred" (Dkt. #1 ¶ 27).  Nichols failed to provide the Court with any facts regarding the bases of her Charge, who it was made to, or whether it was timely.  However, the Court again affords Nichols the opportunity to replead her Complaint to properly allege administrative exhaustion.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Penni Nichols shall have fourteen (14) days from entry of this Order to file an amended complaint with all necessary documentation attached.  It is further **ORDERED** that Defendant CEC Electrical, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. #4) is **DENIED as moot.**

  IT IS SO ORDERED.
  SIGNED this 4th day of November, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE