# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| PENNI NICHOLS, § | |
| § | |
| § | Civil Action No. 4:21-CV-00509 |
| v. § | Judge Mazzant |
| § | |
| CEC ELECTRICAL, INC. § | |
| § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant CEC Electrical, Inc.'s Motion to Dismiss (Dkt. #21). Having considered the motion, the Court finds it should be **DENIED.**

### BACKGROUND

On October 14, 2016, Plaintiff Penni Nichols ("Nichols") filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") (Dkt. #15 ¶ 5) regarding incidents which occurred during her employment with Defendant CEC Electrical, Inc. ("CEC"). At the time, Nichols' address was 2912 Dunbar Drive, McKinney, Texas 75070 (the "Dunbar Address") (Dkt. #15 ¶ 5).

Nichols periodically contacted the EEOC for updates on her case (Dkt. #15 ¶ 6). On January 3, 2018, Nichols called EEOC to change her address to 11526 Echo Lake Circle, Apt. 203, Bradenton, Florida 34211 (Dkt. #15 ¶ 7). On September 2, 2020, EEOC issued Nichols' Right to Sue Letter (the "Letter") (Dkt. #15 ¶ 8). However, EEOC attempted to send the Letter to Nichols' counsel at the Dunbar Address (Dkt. #15 ¶ 9). Additionally, EEOC used an old address to send the Letter to Nichols (Dkt. #15 ¶ 8). On March 24, 2021, Nichols contacted the EEOC to check the status of her case, which is when she discovered the EEOC's error (Dkt. #15 ¶ 11).

On April 9, 2021, Nichols received the Letter (Dkt. #15 ¶ 13). Upon receipt of the Letter, Nichol's counsel requested an EEOC investigation of the facts surrounding the issuance of the Letter (Dkt. #15 ¶ 14).

The EEOC's investigation confirmed: (1) the EEOC knew Nichols was represented by counsel; (2) Nichols called and changed her address from 2912 Dunbar Drive, McKinney, Texas 75070 to 11526 Echo Lake Circle, Apt. 203, Bradenton, Florida 34211 on January 3, 2018; (3) the EEOC failed to document a pre-determination interview that occurred or may have occurred on June 16, 2020; and (4) the Letter was mailed to the wrong addresses (Dkt. #15 ¶ 14).

Nichols brought suit on July 2, 2021, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") (Dkt. #1). On September 22, 2021, CEC moved to dismiss Nichols' claims under Rule 12(b)(6) (Dkt. #4). The Court denied the motion and offered Nichols the opportunity to amend her complaint to cure certain deficiencies (Dkt. 9). Accordingly, on November 18, 2021, Nichols filed her First Amended Complaint (Dkt. 15).

On January 18, 2022, CEC moved to dismiss the First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #21). Nichols responded on February 1, 2022 (Dkt. #23). CEC replied on February 4, 2022 (Dkt. #25).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When

considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

CEC argues that Nichols unreasonably delayed prosecuting her claim and failed to timely file her Complaint, thus her claims should be dismissed (Dkt. #21). Specifically, CEC argues Nichols' deadline to file suit began accruing on March 24, 2021, the date Nichols allegedly received oral notice of the Letter, and her deadline to file suit expired June 22, 2021 (Dkt. #21 at p. 2). However, Nichols alleges the deadline began to accrue the date she received the Letter, April 9, 2021, wherein it stated her "lawsuit must be filed within 90 days of your receipt of this notice" (Dkt. #15, Exhibit 2).

A plaintiff in a Title VII action must file suit within ninety days after the EEOC gives notice of the plaintiff's right-to-sue. 42 U.S.C. § 2000e-5(f)(1) ("within ninety days after the giving of such notice a civil action may be brought"). This ninety-day limitations period is akin to a statute of limitations, *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069–70 (5th Cir. 1981), and is subject to equitable tolling in appropriate cases, *Nilsen v. Moss Point*, 621 F.2d 117, 120 (5th Cir. 1980). This period begins upon the complainant's receipt of his right-to-sue letter. *Pacheco v. Phelps Dodge Refining Corp.*, 531 F.2d 709, 711 (5th Cir. 1976).

It is undisputed Nichols received the Letter on April 9, 2021. She filed suit on July 2, 2021. CEC has not alleged that Nichols' Complaint is untimely if the date her deadline began to accrue was April 9, 2021, rather than March 24, 2021. As pleaded, Nichols' Complaint was timely. Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying Nichols the opportunity to develop facts to support her claims. Further

argument regarding the diligence with which Nichols pursued her claim and how that may impact tolling is best saved for a later stage of litigation when more of the factual background has been developed through the discovery process. Accordingly, Nichols' complaint is sufficient to survive a Rule 12(b)(6) motion to dismiss.

## CONCLUSION

It is therefore **ORDERED** that Defendant CEC Electrical, Inc.'s Motion to Dismiss (Dkt. #21) is **DENIED.**

**IT IS SO ORDERED.**

SIGNED this 16th day of February, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE